IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK S. MILOSCH<br>213 Baden Street<br>Silver Spring, MD 20901,<br><br>        Plaintiff,<br><br>v.<br><br>ALCEE HASTINGS, in his official<br>capacity as Chairman of the<br>Commission on Security and<br>Cooperation in Europe,<br>2353 Rayburn House Office Building<br>Washington, DC 20515,<br><br>and<br><br>COMMISSION ON SECURITY AND<br>COOPERATION IN EUROPE,<br>234 Ford House Office Building<br>Washington, DC 20515,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Mark S. Milosch brings this action for declaratory and injunctive relief against Defendants Alcee Hastings and the Commission on Security and Cooperation in Europe for violating Plaintiff's rights under the Fifth Amendment to the United States Constitution. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff is a U.S. citizen and a resident of the State of Maryland.  Plaintiff resides at 213 Baden Street, Silver Spring, MD 20901.

4.      Defendant Alcee Hastings is the Chairman of the Commission on Security and Cooperation in Europe.  Defendant Hastings also is a member of the U.S. House of Representatives and has his principal place of business at 2353 Rayburn House Office Building, Washington, DC 20515.  Defendant Hastings is being sued in his official capacity as Chairman of the Commission on Security and Cooperation in Europe.

5.      Defendant Commission on Security and Cooperation in Europe ("CSCE") is an independent agency of the United States Government.  Defendant CSCE has its principal place of business at 234 Ford House Office Building, Washington, DC 20515.

## STATEMENT OF FACTS

6.      Defendant CSCE, also known as the "Helskinki Commission," was established by Public Law No. 94-304, 90 Stat. 661 (codified as amended at 22 U.S.C. § 3001-3009) for the purpose of monitoring and encouraging compliance with the Final Act of the Conference on Security and Cooperation in Europe, an international accord signed by participating nations in 1975 in Helsinki, Finland.  Defendant CSCE has no direct legislative purpose or function.

7.      By statute, Defendant CSCE is composed of twenty-one members, including nine members of the U.S. House of Representatives, nine members of the U.S. Senate, and one member each of the U.S. Department of State, the U.S. Department of Defense, and the U.S. Department of Commerce.  Also by statute, the Chairman and Cochairman of Defendant CSCE are chosen at the beginning of each new Congress by the President of the Senate, on the

recommendation of the majority leader, or by the Speaker of the House of Representatives. For even-numbered Congresses, the Chairman is selected by the Speaker of the House of Representatives and the Cochairman is selected by the President of the Senate, on the recommendation of the majority leader. In odd-numbered years, the selection process is reversed.

8. The statute establishing Defendant CSCE also establishes both a commission staff and a personnel and administration committee composed of the Chairman, Cochairman, and the ranking commission member from the minority party in both the House of Representatives and the Senate. By law, "[a]ll decisions pertaining to the hiring, *firing*, and fixing of pay of Commission staff personnel shall be by a majority vote of the personnel and administration committee . . . ." 22 U.S.C. § 3008(b) (emphasis added).

9. By longstanding practice, the personnel and administration committee has made employment decisions amicably, through a "notification and right to object" process. When an employment action is proposed, other members are afforded a reasonable opportunity to object. If no objection is made, the proposed employment action proceeds.

10. In addition, Defendant CSCE has a long history of continuity of staff regardless of which party controls one or both houses of Congress. This non-partisan continuity of staff has been recognized and valued by Defendant CSCE's members.

11. On information and belief, no member of Defendant CSCE's staff has ever been fired without benefit of the statutory procedures defined in 22 U.S.C. § 3008(b). On one occasion in 1995, shortly after control of the U.S. House of Representatives changed hands, a proposed staff firing was abandoned in light of an objection raised by just one of the two

minority party members of the personnel and administration committee, even though by law two objections are required to block a firing.

12.     Plaintiff holds a Bachelor of Arts in International Relations from Michigan State University, a Juris Doctorate from the University of Michigan Law School, a Certificate of Study from the Bologna Center of the John Hopkins University Paul H. Nitze School of Advanced International Studies, and a Doctorate of Philosophy in European History from the University of Iowa, among other academic achievements.  Prior to 2006, Plaintiff served for three years as a Special Advisor to the Congressional-Executive Commission on China, where he focused on issues of religious freedom and population planning in China.  He also has worked as an Instructor of History at the University of Iowa and as an attorney in private practice.  In addition to his impressive academic and research credentials and extensive expertise, Plaintiff is a member of the State Bar of Michigan, a published author, and speaks multiple languages, including German, Italian, French, and Romanian.

13.     On approximately November 30, 2006, Plaintiff was hired to serve as counsel to Defendant CSCE.  Plaintiff's employment was effectuated through the "notice and right to object" process of longstanding use at Defendant CSCE.  As counsel, Plaintiff's duties and responsibilities included monitoring rule of law issues and "country responsibility" for Romania, Germany, and France.

14.     At all relevant times, Plaintiff carried out his duties and responsibilities at Defendant CSCE  competently and professionally.  Also at all relevant times, Plaintiff was aware of the majority-vote requirement for all decisions of the personnel and administration committee pertaining to hiring, firing, and fixing of pay of Defendant CSCE staff, the longstanding notice

and right to object practice of the personnel and administration regarding such decisions, and Defendant CSCE's history of non-partisan continuity of staff.

15. In January 2007, control of the U.S. House of Representatives changed hands. Because the new Congress was an even-numbered Congress, the new Speaker, Nancy Pelosi, gained the authority to designate the new Chairman of Defendant CSCE. Speaker Pelosi designated Defendant Hastings to serve as Chairman of Defendant CSCE.

16. As of January 2007, Defendant CSCE had a professional staff of approximately eighteen professional staff members, including Plaintiff.

17. In late January, 2007, shortly after assuming the chairmanship of Defendant CSCE, Defendant Hastings began efforts to terminate the employment of at least four members of Defendant CSCE's professional staff, including Plaintiff.

18. On February 2, 2007, the two incoming ranking members of the personnel and administration committee, Senator Sam Brownback and Representative Christopher H. Smith, sent a letter to Chairman Hastings objecting to the dismissal of Plaintiff and the other professional staff members. One of the professional staff members apparently agreed to resign.

19. Nonetheless, Defendant Hastings has ignored the objections of Senator Brownback and Representative Smith and proceeded with the termination of the other three professional staff members, including Plaintiff.

20. On March 20, 2007, Defendant Hastings' Chief of Staff verbally notified Plaintiff that Plaintiff had been fired. Plaintiff's congressional identification pass has not been renewed, and Plaintiff has been prevented from accessing his computer and the Internet, effectively precluding him from carrying out his duties and responsibilities. In addition, Plaintiff also has

been informed that the paperwork for removing him from the federal payroll has been submitted and is being processed.

## COUNT 1
(Deprivation of Property Without Due Process of Law -- Violation of the Fifth Amendment to the U.S. Constitution)

21. Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22. Plaintiff enjoys a property right in his continued employment at Defendant CSCE.

23. Defendants have deprived Plaintiff of this property right without due process of law in violation of the Fifth Amendment to the U.S. Constitution. Specifically, Defendants have caused Plaintiff to be fired without a majority vote by the personnel and administration committee and over the objection of the two minority party members of the committee.

24. Plaintiff has been irreparably harmed by reason of Defendants' violation of his constitutional rights.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendants' termination of Plaintiff's employment to be unlawful; (2) enjoin Defendants to restore Plaintiff to his pre-termination employment; (3) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action; and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 28, 2007                                    Respectfully submitted,

                                                         JUDICIAL WATCH, INC.

                                                         /s/ Paul J. Orfanedes
                                                         Paul J. Orfanedes
                                                         D.C. Bar No. 429716
                                                         James F. Peterson
                                                         D.C. Bar No. 450171
                                                         Meredith L. Di Liberto
                                                         D.C. Bar No. 487733
                                                         Suite 500
                                                         501 School Street, S.W.
                                                         Washington, DC 20024
                                                         (202) 646-5172

                                                         *Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MARK S. MILOSCH

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul J. Orfanedes, James F. Peterson, Meredith Di Liberto
JUDICIAL WATCH, INC.
501 School St., SW, Suite 500
Washington, DC 20024
(202) 646-5172

## DEFENDANTS

ALCEE HASTINGS
and
COMMISSION ON SECURITY AND COOPERATION IN EUROPE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00594
Assigned To : Robertson, James
Assign. Date : 3/28/2007
Description: MILOSCH v. HASTINGS et al

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(represents your cause of action and one in a corresponding Nature of Suit)

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ⊙ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ F. Pro Se General Civil

Forfeiture/Penalty
28 USC 158       ☐ 610 Agriculture
rawal 28 USC 157 ☐ 620 Other Food &Drug
                 ☐ 625 Drug Related Seizure
ons                  of Property 21 USC 881
Penalty          ☐ 630 Liquor Laws
amus & Other     ☐ 640 RR & Truck
Rights           ☐ 650 Airline Regs
Condition        ☐ 660 Occupational
                     Safety/Health
ts               ☐ 690 Other
ights
t
mark             Other Statutes
                 ☐ 400 State Reapportionment
uits             ☐ 430 Banks & Banking
☐ 870 Taxes (US plaintiff or ☐ 450 Commerce/ICC
    defendant        Rates/etc.
☐ 871 IRS-Third Party 26 ☐ 460 Deportation
    USC 7609

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Fifth Amendment of the United States Constitution, Improper Termination

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   JURY DEMAND: YES ☐  NO ☒

Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE March 28, 2007   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.